

1  DAN SIEGEL, SBN 56400
   ANNE BUTTERFIELD WEILLS, SBN 139845
2  KEVIN BRUNNER, SBN 271510
3  SIEGEL & YEE
   499 14th Street, Suite 300
4  Oakland, California 94612
   Telephone: (510) 839-1200
5  Facsimile: (510) 444-6698

6
   Attorneys for Plaintiffs
7  FRED HAMPTON JR., NYOKA LOWERY,
   DAWN SCOTT, and RAMAL LAMAR
8

9

**FILED**

JUL - 3 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10        **UNITED STATES DISTRICT COURT**

11      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13  FRED HAMPTON JR., NYOKA LOWERY,       **C13-3094**   KAW
    DAWN SCOTT, and RAMAL LAMAR,
14                                        **COMPLAINT FOR DAMAGES**
15          Plaintiffs,
                                          **(Civil Rights)**
16      vs.
                                          **Demand for Jury Trial**   ADR
17  CITY OF OAKLAND, CITY OF
18  EMERYVILLE, and DOES 1 through 50,
    inclusive,
19
            Defendants.
20

21        Plaintiffs FRED HAMPTON JR., NYOKA LOWERY, DAWN SCOTT, and RAMAL
22
   LAMAR complain against defendants CITY OF OAKLAND, CITY OF EMERYVILLE, and
23
24 DOES 1 through 50 inclusive, as follows:

25              **PRELIMINARY STATEMENT**
26      1.     This case arises from the unlawful stop and detention of plaintiffs FRED
27
   HAMPTON JR., NYOKA LOWERY, DAWN SCOTT, and RAMAL LAMAR by officers
28
   employed by defendants City of Oakland and City of Emeryville on January 21, 2013, at

*Hampton v. City of Oakland,* No.
Complaint - 1

1   approximately 4 p.m. near the Oakland-Emeryville border.

2       2.     Oakland and Emeryville police officers held plaintiffs in the parking lot of

3 a Target store at gunpoint. One police officer slammed plaintiff SCOTT up against a car

4

5 while twisting her arm, causing extensive injuries.

6       3.     Prior to checking his identification, a police officer addressed plaintiff

7 HAMPTON by name, indicating that the officers knew who he was.

8       4.     The police claimed that the reason they stopped the plaintiffs was that a

9 stolen cell phone had been tracked to that location. However, the police detained the

10

11 plaintiffs in a crowded parking lot and did not make any attempt to determine whether

12 the plaintiffs had a stolen cell phone in their possession.

13       5.     After holding the plaintiffs in the parking lot for almost three hours, the

14 police officers released them. On information and belief, plaintiffs were stopped and

15 harassed by the police without probable or reasonable cause in retaliation for their

16

17 political activism.

18                      **JURISDICTION AND VENUE**

19       6.     This action arises under Title 42, United States Code, § 1983. The Court's

20 jurisdiction is invoked under 28 United States Code, § 1331 because this case arises

21 under the Constitution and laws of the United States, and under 28 United States Code,

22

23 § 1343 because this action is brought to recover damages under an Act of Congress

24 providing for the protection of civil rights.

25       7.     The state law claims in this action are so related to claims in the action

26 within original jurisdiction that they form part of the same case or controversy under

27 Article III of the United States Constitution. The Court's jurisdiction over these claims is

28 invoked under 28 United States Code, § 1367.

8. Venue is proper in the Northern District of California because the events or omissions giving rise to the action occurred in this District.

## PARTIES

9. At all times relevant hereto, plaintiff FRED HAMPTON JR., a resident of Chicago, was visiting California to engage in political activism regarding issues of police misconduct and prisoners' rights. Hampton is the Chairman of the Prisoners of Conscience Committee (POCC), which advocates for the rights of political prisoners around the world.

10. At all times relevant hereto, plaintiff NYOKA LOWERY was a resident of Oakland and active in POCC's efforts to feed hungry people in the community.

11. At all times relevant hereto, plaintiff DAWN SCOTT was a resident of Oakland, California, and a member of the POCC.

12. At all times relevant hereto, plaintiff RAMAL LAMAR was a resident of Oakland and a school teacher. He is an active member of the American Federation of Teachers, Local 1078, and of the POCC.

13. At all times relevant herein, defendant CITY OF OAKLAND was a municipal corporation, duly organized and existing under its charter and the laws of the State of California. Under its authority, defendant City of Oakland operates the Oakland Police Department and employs police officers.

14. At all times relevant herein, defendant CITY OF EMERYVILLE was a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, defendant City of Emeryville operates the Emeryville Police Department and employs police officers.

15.     Plaintiffs are unaware of the true names and capacities of the defendants sued herein as Does 1 through 50, inclusive.  Plaintiffs are informed and believe and thereon allege that each said Doe defendant is employed by the CITY OF OAKLAND or the CITY OF EMERYVILLE as a police officer, and therefore sue such defendants by such fictitious names.  Plaintiffs will seek leave of the Court to amend this complaint when the true names of these defendants have been ascertained.

## STATEMENT OF FACTS

16.     Plaintiff HAMPTON came to Oakland from his home in Chicago to speak out against killings by the Oakland Police Department (OPD) and to participate in community organizing, including protests against the actions of the OPD.

17.     Plaintiff HAMPTON is the son of Black Panther Party leader Fred Hampton Sr., who was shot dead in his bed by Chicago police in October 1969.

18.     On January 21, 2013, at approximately 4:00 p.m., plaintiffs HAMPTON, LOWERY, SCOTT, and LAMAR were lawfully riding in an automobile in Emeryville when they were followed, for no lawful reason, for approximately one mile by members of the Emeryville Police Department (EPD).

19.     Without probable cause or any lawful reason for doing so, members of the Emeryville Police Department stopped plaintiffs in the parking lot of the Target store at or near the Emeryville-Oakland Border. The Emeryville Police Department officers, with guns drawn, ordered the plaintiffs out of their automobile and handcuffed them.

20.     Members of the Oakland Police Department arrived at the parking lot so that there were approximately 10-12 police cars from OPD and EPD at the location of plaintiffs' detention.

*Hampton v. City of Oakland,* No.
Complaint - 4

21.     As the plaintiffs exited the car, a member of the EPD grabbed plaintiff SCOTT and slammed her against a police vehicle, severely twisting her arm and causing her injury. SCOTT was transported in an ambulance to a nearby hospital for treatment. The injury was diagnosed as a torn ligament in her elbow.

22.     A police officer approached plaintiff HAMPTON before any officer had asked him his name or checked his identification and asked plaintiff HAMPTON if he was still located at the "same address" in Chicago, indicating that the officer knew plaintiff HAMPTON'S identity.

23.     When the plaintiffs asked police why they had been pulled over, an officer stated that the police had tracked a stolen cell phone to the location of the Target parking lot.

24.     However, despite the fact that this parking lot was filled with several hundred cars, no occupants of any other car were stopped or questioned by police. Police officers made no effort to confiscate or examine the cell phones in plaintiffs' possession to determine whether they were stolen.

25.     The police had each of the plaintiffs walk in front of a police car that the police claimed contained the victim of the cell phone theft. After the identification procedures, none of the plaintiffs was arrested.

26.     Plaintiffs were held by police in the Target parking lot for almost three hours against their will.

27.     On information and belief, police officers employed by the City of Oakland and the City of Emeryville intentionally deprived plaintiffs of their liberty.

28.     On information and belief, plaintiffs were held without probable cause and subjected to harassment by EPD and OPD officers because of their well-known political

activism and that harassment was organized by high ranking members of the OPD and EPD.

29.     Defendants City of Oakland and City of Emeryville failed to train and supervise their police officers to avoid abuse of their authority, to assure that they established probable cause prior to arrest, to refrain from violating the rights of persons to be free from police violence, to assure the rights of detained persons to medical care and treatment, and to respect other rights of persons arrested and/or detained.  Said acts and omissions were committed negligently, or recklessly, or intentionally and maliciously and/or with the intent to deprive plaintiffs of their federal and state statutory and constitutional rights and to harm them.  Said acts were carried out pursuant to the policies and practices of the City of Oakland and the City of Emeryville and their police departments.

## EXHAUSTION OF ADMINISTRATIVE RELIEF

30.     Plaintiffs filed claims with the CITY OF OAKLAND and the CITY OF EMERYVILLE under the Government Tort Claims Act on or about January 30, 2013.  The CITY OF OAKLAND rejected their claim on February 25, 2013.  The CITY OF EMERYVILLE rejected their claim on March 27, 2013.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C. § 1983)
(By all plaintiffs against all defendants)

31.     Plaintiffs reallege and fully incorporate herein paragraphs 1-30 above.

32.     By virtue of the foregoing, defendants CITY OF OAKLAND, CITY OF EMERYVILLE, and DOES 1 through 50 inclusive, acting under color of state law, wrongfully violated the rights of the plaintiffs, protected by the Fourth Amendment to

*Hampton v. City of Oakland,* No.
Complaint - 6

the Constitution of the United States of America, by arresting or detaining them without probable cause or a reasonable suspicion.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C. § 1983)
(By plaintiff Scott against defendants City of Emeryville and Doe One)

33.    Plaintiffs reallege and fully incorporate herein paragraphs 1-32 above.

34.    By virtue of the forgoing, defendants CITY OF EMERYVILLE, and DOE 1, acting under color of state law, wrongfully violated the rights of plaintiff SCOTT by using excessive force while unlawfully detaining her.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FIRST AMENDMENT
### (42 U.S.C. § 1983)
(By all plaintiffs against all defendants)

35.    Plaintiffs reallege and fully incorporate herein paragraphs 1- 34 above.

36.    By virtue of the foregoing, defendants CITY OF OAKLAND, CITY OF EMERYVILLE, and DOES 1 through 50 inclusive, acting under color of state law, wrongfully violated the rights of the plaintiffs under the First Amendment of the United States Constitution.

## FOURTH CLAIM FOR RELIEF—FAILURE TO TRAIN
### (42 U.S.C. § 1983)
(By all plaintiffs against defendants City of Emeryville and City of Oakland)

37.    Plaintiffs reallege and fully incorporate herein paragraphs 1- 36 above.

38.    Defendants City of Emeryville and City of Oakland failed in their obligations to adequately train their police officers to refrain from interfering with people's constitutional rights; to refrain from detaining persons without reasonable or probable cause and/or because of their political activities, beliefs, and exercise of

1 | constitutionally protected speech; and to refrain from subjecting persons being detained

2 | to excessive force.

3

4 | 39. By virtue of the foregoing, defendants City of Emeryville and City of

5 | Oakland were deliberately indifferent to the obvious consequences of their failures to

6 | train their police officers. As a result of inadequate training policies, officers employed

7 | by the City of Emeryville and the City of Oakland denied plaintiffs their rights, as set

8 | forth above.

9

**FIFTH CLAIM FOR RELIEF**
**FALSE IMPRISONMENT**

10 | (By all plaintiffs against all defendants)

11

12 | 40. Plaintiffs reallege and fully incorporate herein paragraphs 1-39 above.

13 | 41. By virtue of the foregoing, defendants CITY OF OAKLAND, CITY OF

14 | EMERYVILLE, and DOES 1 through 50 inclusive, detained and arrested the plaintiffs

15 | without reasonable suspicion or probable cause, thereby intentionally depriving them of

16 | their rights to freedom and liberty.

17

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA BANE ACT**

18 | (California Civil Code § 52.1)

19 | (By all plaintiffs against all defendants)

20

21 | 42. Plaintiffs reallege and fully incorporate herein paragraphs 1-41 above.

22 | 43. By virtue of the foregoing, defendants CITY OF OAKLAND, CITY OF

23 | EMERYVILLE, and DOES 1 through 50 inclusive, interfered by threats, intimidation, or

24 | coercion with the rights of the plaintiffs secured by the Constitution of the United States

25 | and the Constitution of the State of California.

26

27 | 44. By virtue of the foregoing, all defendants acted with malice and oppression

28 | and the intent to deprive and did deprive plaintiffs of their rights to be free from search

---

and seizure without reasonable or probable cause; and to be free from detention and

excessive force motivated by their beliefs and exercise of free speech,

## SEVENTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)
### (By all plaintiffs against all defendants)

45.     Plaintiffs reallege and fully incorporate herein paragraphs 1- 44 above.

46.     Defendants' conduct was outrageous and directed at plaintiffs.

47.     Defendants' conduct was intended to cause injury or was in reckless

disregard of the probability of causing injury to plaintiffs and did in fact cause plaintiffs

severe emotional distress.

## EIGHTH CLAIM FOR BATTERY BY A POLICE OFFICER
### (By plaintiff Dawn Scott against defendants City of Emeryville and Doe 1)

48.     Plaintiffs reallege and fully incorporate herein paragraphs 1- 47 above.

49.     By virtue of the foregoing, defendant Doe 1 intentionally subjected plaintiff

SCOTT to the use of unreasonable force.

50.     By virtue of the foregoing, defendant City of Emeryville learned that

defendant Doe 1 intentionally subjected plaintiff SCOTT to the use of unreasonable force

and approved such conduct.

51.     By virtue of the foregoing, defendant City of Emeryville is liable for the

acts of its employee, Doe 1, who acted within the course and scope of his employment.

## NINTH CLAIM FOR NEGLIGENCE
### (By all plaintiffs against defendants City of Emeryville and City of Oakland)

52.     Plaintiffs reallege and fully incorporate herein paragraphs 1-51 above.

53.     Defendants City of Oakland and City of Emeryville negligently employed,

trained, supervised, retained, and assigned its police officers knowing that they lacked

sufficient training and experience and were likely to abuse their authority.

## DAMAGES

54. As a result of the actions of defendants, plaintiffs have been injured and suffered damages as follows:

(a) Plaintiffs suffered emotional distress, embarrassment, and humiliation;

(b) Plaintiffs' reputations in the community have been damaged; and

(c) Plaintiff Scott has suffered physical harm and has incurred medical expenses.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) Compensatory damages for physical pain and suffering and damage to reputation, humiliation, mental anguish, and emotional distress;

(2) Reimbursement for medical expenses;

(3) Punitive damages against the individual defendants;

(4) Attorneys' fees;

(5) Costs of the suit;

(6) Injunctive relief; and

(7) Such other relief as the Court may deem proper.

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: July 1, 2013

SIEGEL & YEE

By: _____
Dan Siegel

Attorneys for Plaintiffs
FRED HAMPTON JR., NYOKA
LOWERY, DAWN SCOTT, and
RAMAL LAMAR

---

*Hampton v. City of Oakland,* No.
Complaint - 10